**STATE of Tennessee, Appellee,**

v.

**Robert Earl GREER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 5, 1985.

Permission to Appeal Denied by Supreme Court Aug. 12, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Leigh Grindalds, Asst. Dist. Atty. Gen., Jackson, for appellee.

Charles Patterson, Jesse H. Ford, III, Jackson, for appellant.

## OPINION

O'BRIEN, Judge.

Appellant entered a plea of guilty to four counts of second degree burglary in the Madison County Court. He was sentenced, as a Range II offender, to imprisonment for nine (9) years on each count; two of the sentences are concurrent with each other but consecutive to an earlier sentence. The remaining two sentences are fixed to run consecutively for an effective total sentence of twenty-seven (27) years.

The issues presented for review all relate to the nature and severity of the sentence.

It is argued first that the trial court erred in ordering consecutive sentences.

The record indicates appellant has an extensive prior criminal record as a juvenile, and as an adult. All four of the offenses involved in this case were committed while he was on probation from an earlier conviction for second degree burglary. The offenses in Numbers 84–139 and 84–140 were committed while appellant was on bond for the offenses committed in Case Nos. 84–35 and 84–36. The trial court did not have discretion to run the sentences concurrently. *State v. Sammons*, 656 S.W.2d 862, 871 (Tenn.Cr.App.1982); T.C.A. § 40–20–111(b).

Appellant asks if the court erred in failing to properly weigh mitigating and enhancement factors in the sentencing procedure. The trial court found defendant to be an especially aggravated offender in accordance with T.C.A. § 40–35–107(3)(A). Under sub-section (7) of that Code Section a defendant who is found by the court beyond a reasonable doubt to have committed an especially aggravated offense *shall* receive a sentence within Range II. The court found that defendant was not an especially mitigated offender under T.C.A. § 40–35–108. He did find there were some mitigating factors present, and the record indicates an intention on his part to impose a minimum sentence under Range II. T.C.A. § 40–35–109. The difficulty we encounter here is that the sentence set by the trial judge was nine (9) years on each offense whereas T.C.A. § 40–35–109(b) sets a mandatory minimum for a Range II sentence to be the minimum sentence plus one-half (½) of the difference between the maximum sentence and the minimum sentence. The minimum sentence for a second or subsequent conviction of second degree burglary is imprisonment in the penitentiary for not less than five (5) years nor more than fifteen (15) years. Therefore the minimum sentence for a second offender on second degree burglary charges is ten (10) years.

Appellant insists the sentence imposed was too severe under the provisions of T.C.A. § 40–35–103(4). The sentence imposed by the trial judge was the minimum authorized by statute for the conviction offenses.

The case is remanded in accordance with T.C.A. § 40–35–402 for the entry of an appropriate sentencing order as directed in this opinion.

DWYER and SCOTT, JJ., concur.