IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2016

**STATE OF TENNESSEE v. CURTIS COLEMAN**

**Appeal from the Criminal Court for Sullivan County**
**Nos. S54-905, S55-343, S55-479, S55-596     James F. Goodwin, Jr., Judge**
_____

**No. E2016-00678-CCA-R3-CD – Filed February 21, 2017**
_____

The petitioner, Curtis Coleman, appeals the trial court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The petitioner has failed to state a colorable claim for relief under Rule 36.1; therefore, we affirm the summary dismissal of the petitioner's motion pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Curtis Coleman, Manchester, Kentucky, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 19, 2007, the petitioner was arrested on multiple narcotics-related offenses. The following day on December 20, 2007, the petitioner was released on bond. While out on bond in February and April of 2008, the petitioner was arrested and charged with additional narcotics-related offenses.

On May 21, 2008, the Sullivan County Grand Jury returned a six count indictment in case number S54905 charging the petitioner with: 1) possession of twenty-six grams or more of a substance containing cocaine for resale, a class B felony; 2) possession of

oxycodone; 3) possession of dihydrocodeinone; 4) possession of diazepam; 5) possession of less than one-half ounce of marijuana, all class A misdemeanors; and 6) maintaining a place where controlled substances are used or sold, a class D felony. The trial court ordered the petitioner to appear for arraignment on June 6, 2008. The petitioner failed to appear on the date set for arraignment, and in case number S55343 the Sullivan County Grand Jury subsequently indicted the petitioner for felony failure to appear, a class E felony.

On August 26, 2008, the Sullivan County Grand Jury indicted the petitioner, for offenses allegedly committed on February 13, 2008, while he was out on bond in case number S54905. The petitioner was indicted in case number S55479 for: 1) possession of one-half gram or more of a substance containing cocaine for resale, a class B felony; 2) possession of drug paraphernalia, a class A misdemeanor; 3) maintaining a place where controlled substances are used or sold, a class D felony; and 4) possession of dihydrocodeinone, a class A misdemeanor. In case number S55596, the Sullivan County Grand Jury also indicted the petitioner for sale and delivery of .5 grams or more of cocaine, a class B felony, allegedly committed on April 9, 2008, while released on bond in case number S54905.

On January 19, 2009, the petitioner pled guilty to all of the above referenced offenses for which he received an effective sentence of twenty-five years. In calculating the petitioner's sentence, the trial court ordered the individual counts within each indictment to be served concurrently and then the aggregate counts in each indictment to be served consecutively to the others. In other words, case S54905 served as the base offense; S55343 was ordered to be served consecutively to S54905; S55479 was ordered to be served consecutively to S54905 and S55343; and S55596 was ordered to be served consecutively to S54905, S55343, and S55479.

On December 22, 2015, the petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On January 5, 2016, the trial court dismissed the petitioner's motion. The petitioner filed an amended motion to correct an illegal sentence pursuant to Tenn. R. Crim. P. 36.1, on February 25, 2016. The petitioner argued he was innocent of the crimes he was alleged to have committed while released on bail in February and April of 2008. The petitioner also argued that the trial court ordered his sentences to be served concurrently in direct contravention of Tennessee Code Annotated section 40-20-111(b). The trial court dismissed the petitioner's motion for failure to state a colorable claim. This appeal followed.

Whether the petitioner states a colorable claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 is a question of law, which this

court reviews de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). The Tennessee Supreme Court defined a colorable claim as "a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). A defendant is entitled to appointment of counsel and a hearing if his motion states a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). If the trial court determines that the defendant does not state a colorable claim for relief, the trial court is required to file an order denying the defendant's motion. *Id.*

The petitioner argues first that his sentences are illegal because the trial court failed to order consecutive sentencing pursuant to Tennessee Code Annotated section 40-20-111(b). Tennessee Code Annotated section 40-20-111(b) provides,

> (a) In any case in which a defendant commits a felony while the defendant is released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b).

The record on appeal reflects that the petitioner was arrested on December 19, 2007, in case number S54905. The following day, December 20, 2007, the petitioner was released on bail. While on release, the petitioner was arrested in February and April of 2008, and subsequently indicted in cases S55343, S55479, and S55596. Pursuant to Tennessee Code Annotated section 40-20-111(b), the trial court was required to order consecutive sentencing of the petitioner's cases. The judgments entered in the petitioner's cases clearly show that while the trial court ordered the individual counts in each indictment to be served concurrently, the trial court ordered the sentences under each of the four indictments to be served consecutively. The trial court fully complied with the statute and the plea agreement. Tenn. Code Ann. § 40-20-111(b); s*ee State v. Alder*, 71 S.W.3d 299, 307 (Tenn. Crim. App. 2001) (holding "consecutive sentencing is mandatory when a defendant commits a felony while on bail and the defendant is subsequently convicted of both offenses"); *State v. Greer*, 697 S.W.2d 603, 604 (Tenn. Crim. App. 1985) (finding "[t]he trial court did not have discretion to run the sentences concurrently" when the defendant pled guilty to four counts of second degree burglary "committed while he was on probation from an earlier conviction for second degree burglary"); *State v. George Anthony Flevaris*, No. E2012-00978-CCA-R3-CD, 2013 WL

3816601 (Tenn. Crim. App. July 18, 2013) (affirming the imposition of concurrent terms for the counts contained within an indictment and consecutive terms between each indictment). Thus, the petitioner has failed to state a colorable claim for relief based on these grounds.

Next, the petitioner argues that his sentences are illegal because he is innocent of the offenses for which he pled guilty. A claim of "actual innocence," if taken as true, would render a sentence voidable and not void. *Wooden*, 478 S.W.3d at 595. Such errors are "appealable errors" and cannot support a claim for relief under Rule 36.1. *Id.* Therefore, the petitioner's allegations are insufficient to state a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE